IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | NO. 3:23-CV-44-DMB-RP |
| KATONYA PRIDE | DEFENDANT |

**ORDER**

On March 8, 2023, the United States of America filed a complaint against Katonya Pride in the United States District Court for the Northern District of Mississippi seeking to "recover treble damages and civil penalties under the False Claims Act ('FCA') … and to recover money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon [Pride's] receipt of Paycheck Protection Program ('PPP') funds to which she was not entitled."[1] Doc. #1 at PageID 1. Specifically, the complaint alleges that Pride, through false representations, received PPP loans totaling $20,832.00 (for which the Small Business Administration paid a total of $2,500.00 in processing fees to the financial institution involved), and that Pride, also through false representations, obtained forgiveness of those loans by the SBA. *Id.* at PageID 6.

On June 26, 2023, a "Joint Motion for Entry of Consent Judgment" was filed in which the parties represent that they "have agreed to resolve [this] litigation" and "to the entry of a consent judgment on the terms provided in the proposed order forwarded to the Court's chambers." Doc. #6. Both the joint motion and the proposed consent judgment are signed by an Assistant United States Attorney and by Pride, who appears pro se. *Id.*

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination

---

[1] Presumably due to a scrivener's error, the complaint's introductory paragraph references "*Lee's* receipt" of PPP funds. Doc. #1 at PageID 1 (emphasis added).

> based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court has reviewed the proposed consent judgment—which requires Pride to pay $23,410.12 plus interest and the $402.00 filing fee—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. Accordingly, the "Joint Motion for Entry of Consent Judgment" [6] is **GRANTED**. The parties' proposed consent judgment will be signed and entered by the Court.

**SO ORDERED**, this 29th day of June, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**